E. MARTIN ESTRADA
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
BENEDETTO L. BALDING (Cal. Bar No. 244508)
Assistant United States Attorney
Deputy Chief, General Crimes Section
ALEXANDER B. SCHWAB (Cal. Bar No. 283421)
Assistant United States Attorney
Deputy Chief, Corporate and Securities
  Fraud Strike Force
     1200/1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2274/1259
     Facsimile: (213) 894-0141
     E-mail:    benedetto.balding@usdoj.gov
                alexander.schwab@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-267-MEMF-1 |
|---|---|
| Plaintiff, | No. CR 22-267-MEMF-2 |
| | No. CR 22-267-MEMF-3 |
| v. | GOVERNMENT'S *EX PARTE* APPLICATION FOR AN ORDER ALLOWING DISCLOSURE OF GRAND JURY TESTIMONY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF AUSA ALEXANDER B. SCHWAB |
| DEL ENTERTAINMENT, INC., et al., | |
| (1)  DEL ENTERTAINMENT, INC., | |
| (2)  JOSE ANGEL DEL VILLAR, and | |
| (3)  LUCA SCALISI, | |
| Defendants. | |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby applies ex parte for an order pursuant to Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure,

1  authorizing the government to provide defendant's counsel of record
2  with a copy of the grand jury testimony of a witness whom the
3  government may call at trial.
4      The government makes this application because of defendant's
5  need to prepare his case and the disclosure requirements of the
6  Jencks Act, 18 U.S.C. § 3500.  This application is based on the
7  attached Memorandum of Points and Authorities and Declaration of
8  Alexander Schwab, the files and records of this case, and such
9  further evidence and argument as may be presented at any hearing on
10 this application.

11 Dated: January 17, 2025            Respectfully submitted,

                                     E. MARTIN ESTRADA
                                     United States Attorney

                                     LINDSEY GREER DOTSON
                                     Assistant United States Attorney
                                     Chief, Criminal Division

                                     /s/
                                     BENEDETTO L. BALDING
                                     ALEXANDER B. SCHWAB
                                     Assistant United States Attorneys

                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

Federal Rule of Criminal Procedure 6(e)(2)(B) provides in relevant part: "Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury: . . . (vi) an attorney for the government . . . ." Fed. R. Crim. 6(e)(2)(B). Rule 6(e)(3)(E) provides in relevant part: "The court may authorize disclosure -- at a time, in a manner, and subject to any other conditions that it directs -- of a grand-jury matter: [] preliminarily to or in connection with a judicial proceeding . . . ." Fed. R. Crim. 6(e)(3)(E).

A trial court has "substantial discretion to order or deny release" of a grand jury transcript. United States v. Evans & Assocs. Constr. Co., 839 F.2d 656, 658 (9th Cir. 1988). The starting point for the Court's analysis is the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." Id. (citation omitted). The Supreme Court has set forth five policy reasons for maintaining the secrecy of grand jury proceedings:

> (1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; [and] (5) to protect [an] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

United States v. Procter & Gamble Co., 356 U.S. 677, 681 n.6 (1958) (internal quotations omitted); see also United States v. Dynavac, Inc., 6 F.3d 1407, 1411 (9th Cir. 1993) (citing Procter & Gamble and

1  Douglas Oil Co. of Cal. v. Petrol Stops Nw., 441 U.S. 211, 219
2  (1979), for the same proposition). In U.S. Industries, Inc. v.
3  United States District Court, 345 F.2d 18 (9th Cir. 1965), the Ninth
4  Circuit reasoned that a determination whether disclosure of grand
5  jury material should be made under Rule 6(e) depends on the need of
6  the party seeking disclosure and on the "policy considerations for
7  grand jury secrecy as they apply to the request for disclosure under
8  consideration." Id. at 21. The court held that "if the reasons for
9  maintaining secrecy do not apply at all in a given situation, or
10 apply to only an insignificant degree, the party seeking the
11 disclosures should not be required to demonstrate a large compelling
12 need." Id.
13     In this instance, the policy considerations requiring secrecy
14 are weaker post-indictment with respect to those witnesses who will
15 testify at trial. See Dynavac, 6 F.3d at 1412. Moreover,
16 disclosure of the grand jury testimony to defense counsel, who has
17 requested such disclosure, would assist defense counsel in preparing
18 in advance of trial and be consistent with the government's
19 obligations under the Jencks Act, albeit at an earlier stage than is
20 required by statute. See 18 U.S.C. § 3500(a).
21     For the foregoing reasons, the government respectfully requests
22 that this Court issue an order authorizing the government to provide
23 defense counsel with a copy of the grand jury testimony of any
24 witnesses the government may call at trial.

2

**DECLARATION OF ALEXANDER B. SCHWAB**

I, Alexander B. Schwab, declare and state as follows:

1. I one of the Assistant United States Attorneys handling the prosecution of United States v. Del Entertainment, et al., CR No. 22-267-MEMF. I make this declaration in support of the government's ex parte application for an order permitting disclosure of a grand jury transcript.

2. I expect that the government may call at trial a witness who testified before the grand jury during the investigation of this case. Such testimony constitutes a statement under the Jencks Act, 18 U.S.C. § 3500, which the government will eventually be required to provide to the defendants once that witness testifies at trial.

3. On or about January 16, 2025, I contacted defense counsel and informed them that the government would be filing the present ex parte application and asked for their position on the ex parte nature of the application. Defense counsel informed me that they do not oppose the application or the ex parte nature of the application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on January 17, 2025.

_____
ALEXANDER B. SCHWAB